**In the Matter of Emerson SCHWENK and Joyce Schwenk, Debtors.**

**Bankruptcy No. BK90–40821.**

United States Bankruptcy Court, D. Nebraska.

Sept. 5, 1990.

Arlan Wine, Wauneta, Neb., for debtors.

James McClymont, North Platte, Neb., for PCA.

Patricia Dugan, Omaha, Neb., U.S. Trustee.

Richard Dudden, Ogallala, Neb., for Bank.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This matter comes before the court upon Motion to Dismiss and Request for Expedited Hearing by Production Credit Association of the Midlands (the "PCA") (Fil. # 7), Motion to Dismiss and Request for Expedited Hearing by Wauneta Falls Bank (Fil. # 14), and Application for Judgment in the Event of Dismissal by the United States Trustee (Fil. # 20).

The debtors were in a previous Chapter 11 proceeding, BK87–67, for approximately three years. The predecessor case was recently dismissed under 11 U.S.C. §§ 1112(b)(2) and (3) for inability to effectuate a plan and unreasonable delay prejudicial to creditors. *In re Emerson & Joyce Schwenk*, Ch. 11 No. BK87–67, slip op. (Bkrtcy.D.Neb. Feb. 15, 1990) (Fil. # 7 & 14, Exhibit A). Subsequent to the dismissal of the predecessor case, PCA commenced an action to replevy its collateral. A replevin hearing had been scheduled for June 29, 1990. The debtors filed the present bankruptcy case on June 25, 1990

(Fil. # 1). At the § 341 hearing held on July 20, 1990, the debtors stated that the present bankruptcy petition was filed in order to stay any further attempt by the PCA to recover its collateral. (Fil. # 21, Exhibit C, Page 4).

The debtors further stated, that to emerge successfully from this bankruptcy proceeding they intended to file a lender liability suit against the PCA for forcing them into bankruptcy. Debtors allege that the PCA improperly terminated debtors' line of credit forcing them out of business and into bankruptcy (Fil. # 21, Exhibit C, Page 10). Other than the intent to file the lender liability suit against the PCA, there is no indication of any other change in circumstance from the time Case No. BK87–67 was dismissed.

■ The doctrine of *res judicata* bars relitigation of matters which were actually litigated or could have been litigated in a prior suit. *Lovell v. Minton*, 719 F.2d 1373, 1379 (8th Cir.1983), *Oulman v. Rolling Green, Inc.*, 851 F.2d 1032, 1035 (8th Cir.1988). The order dismissing the debtors' previous Chapter 11 case is *res judicata* on the issue of debtors' ability to reorganize under Chapter 11 under the facts as they existed at the time the previous order was entered. Since debtors' previous Chapter 11 case was dismissed for inability to effectuate a plan of reorganization and unreasonable delay prejudicial to creditors, I conclude that debtors have the burden to establish that a change in circumstance has occurred since the dismissal of their previous case. The change in circumstance must be sufficient to result in a reasonable likelihood of reorganization or to demonstrate that a reorganization is in prospect. Debtors assert that their intent to file a lender liability suit against the PCA is a change in circumstance that occurred since the dismissal of their previous bankruptcy case which increases the likelihood of reorganization.

■ The debtors were in the previous bankruptcy proceeding for approximately three years. They had ample opportunity during the pendency of that case in which

to file the lender liability action against the PCA. They failed to bring such an action. The debtors allege that by terminating their lines of credit, the PCA forced them out of the cattle business and out of the farming business for five (5) years. The underlying events upon which the lender liability action is based must, therefore, have occurred sometime before the previous bankruptcy case was dismissed. Accordingly, I conclude that the cause of action against the PCA existed during the previous bankruptcy case. The debtors could have filed an action on the claim during that previous bankruptcy case. Thus, there has been no change in circumstance since the dismissal of their previous bankruptcy case which increases the likelihood of reorganization.

■ An additional ground for rejecting debtors' argument that this bankruptcy case should be permitted to remain pending to allow the lender liability suit to be brought, is the equitable concept of judicial estoppel. This doctrine applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted. Judicial estoppel looks to the connection between the litigant and the judicial system. *Oneida Motor Freight, Inc., v. United Jersey Bank*, 848 F.2d 414, 419 (3rd Cir.1988), *cert denied*, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988). The debtors failed to bring the then existing lender liability claim against the PCA in the previous bankruptcy case. Having failed to assert that claim in the previous long pending case, I conclude that the debtors are estopped from asserting that this bankruptcy case should remain pending to give them time to litigate that claim. Indeed, if a plan had been confirmed in the predecessor case, it is arguable that debtors would be precluded from ever asserting the claim against the PCA. *See, In re Hoffman v. First National Bank of Akron*, 99 B.R. 929, 935 (N.D.Iowa 1989), *Pako Corporation v. Citytrust*, 109 B.R. 368, 372–376 (D.Minn.1989).

Because, I conclude that there has been no change in circumstance since the dismissal of debtors' previous bankruptcy case

which increases the likelihood of reorganization, the order dismissing their previous Chapter 11 case is *res judicata* on the issue of debtors' ability to reorganize in the present case.

Debtors may have an alternative forum available to assert their lender liability claim against the PCA. There is no reason debtors should be afforded the protection of the bankruptcy court in order to bring that action. Allowing debtors to proceed with the lender liability action in the present bankruptcy case would pose an unreasonable delay prejudicial to creditors. I conclude that this case should be dismissed for inability of the debtors to effectuate a plan of reorganization and unreasonable delay prejudicial to creditors. 11 U.S.C. §§ 1112(b)(2) and (3).

Based on the reasons set forth, I conclude that the Motions to Dismiss shall be granted. In addition, the United States Trustee has filed an Application for Judgment in the Event of Dismissal (Fil. # 20). There have been no objections filed to the application. The United States Trustee requests judgment for any unpaid quarterly fees and that the judgment for unpaid fees be preserved upon the entry of dismissal in this case. If all quarterly fees due to the United States Trustee are not paid within twenty-one (21) days hereof, judgment will be entered upon application by the United States Trustee with supporting affidavits.

A separate order in conformity herewith shall be issued contemporaneously with this journal entry.

### ORDER

Based on the reasons set forth in the court's journal entry of today's date entered contemporaneously herewith,

IT IS ORDERED, ADJUDGED AND DECREED, that:

1. Motion to Dismiss (PCA, Fil. # 7) (Wauneta Falls Bank, Fil. # 14) is hereby granted and this bankruptcy case is hereby dismissed.

2. Debtors shall pay all quarterly fees owing to the United States Trustee within twenty-one (21) days hereof. If the fees

are not paid within such time, judgment will be entered upon application by the United States Trustee with supporting affidavits.